## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MELISSA AURICCHIO,                          CASE NO.:

     Plaintiff,

v.

CAPE CANAVERAL
HOSPITAL, INC.,
a Florida Not For Profit Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## DECLARATORY RELIEF REQUESTED

Plaintiff, MELISSA AURICCHIO ("Ms. Auricchio" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), seeking recovery from CAPE CANAVERAL HOSPITAL, INC. ("CCH" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

2.  At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Brevard County, Florida.

3.  Defendant is a Florida not for profit corporation that is located in Cocoa Beach, Brevard County, Florida, and does business in Brevard County, Florida, and is therefore within the jurisdiction of this Court.

4.  Plaintiff worked for Defendant in Brevard County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

5.  At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6.  At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) her husband suffered from a serious health condition or conditions as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7.    Plaintiff worked for Defendant, most recently as Manager of Defendant's Sleep Centers, from July 2, 1996, until her termination on July 25, 2022.

8.    Unfortunately, in recent years, Ms. Auricchio's husband has struggled in recent years with a chronic, serious health condition, specifically Parkinson's Syndrome.

9.    On April 25, 2022, Ms. Auricchio spoke to CCH Human Resources Representative Rebecca Rockwell, and disclosed to Ms. Rockwell that her husband was suffering a flareup of his chronic, serious health condition.

10.    That same day, April 25, 2022, Ms. Auricchio submitted a request for FMLA leave in order to treat and address her husband's chronic, serious health condition to her CCH Team Leader, Jessica Lutz.

11.    Ms. Auricchio's disclosures, and her request for FMLA leave, constituted protected activity under the FMLA.

12.    The very next day, April 26, 2022, Ms. Lutz commenced a campaign of interference with and retaliation against Ms. Auricchio based on Ms. Auricchio's husband suffering a chronic, serious health condition, and based on Ms. Auricchio's request for FMLA leave in order to help treat and address her husband's condition.

13.    Ms. Lutz bizarrely stated of Ms. Auricchio, who had been with CCH for over two (2) decades, "I have some concerns you are not growing."

14.    Ms. Lutz continued, stating, "You have thirty days to find another job within the [CCH Integrated Delivery Network], or you will be placed on a performance improvement plan."

15.    In response to Ms. Lutz's retaliatory attack based on Ms. Auricchio's disclosure of the flareup of her husband's chronic, serious health condition and Ms. Auricchio's application for FMLA leave in order to help treat and address her husband's condition, Ms. Auricchio asked Ms. Lutz, "what about my request for FMLA?"

16.    In response, Ms. Lutz stated falsely, "it is denied."

17.    Ms. Lutz's false statements in connection with Ms. Auricchio's application for FMLA leave constituted unlawful FMLA interference.

18.    Astonished and distraught due to CCH's brazen FMLA interference and retaliation, Ms. Auricchio reached out to Ms. Rockwell for clarification as to her eligibility for, and entitlement to, FMLA leave.

19.    Ms. Auricchio ultimately availed herself of a period of continuous FMLA leave from April 29, 2022, through July 22, 2022, in order to help her husband treat and address the flareup of his chronic, serious health condition.

20.    On July 25, 2022, immediately after Ms. Auricchio's return from FMLA leave, CCH informed Ms. Auricchio that it had decided to terminate her employment, effective immediately.

21.    Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Auricchio notifying CCH of her husband's chronic, serious health condition, and in retaliation for Ms. Auricchio utilizing or attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

22.    Defendant did not have a legitimate, non-retaliatory reason, for its actions.

23.    Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

24.    Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

25.    The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

26.    Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

27.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

28.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

29.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

30.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29, above.

31. At all times relevant hereto, Plaintiff was protected by the FMLA.

32. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

33. At all times relevant hereto, Defendant interfered with Plaintiff by falsely stating that her application for FMLA leave had been denied, by terminating Plaintiff's employment because Plaintiff exercised and/or attempted to exercise her rights under the FMLA, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

34. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29, above.

37. At all times relevant hereto, Plaintiff was protected by the FMLA.

38. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

39. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for applying or attempting to apply for FMLA leave and for utilizing or attempting to utilize what should have been FMLA-protected leave.

40. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

41. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages,

7

equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 7th day of August, 2023.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*